**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

———————————————————

**CAROLYN GEORGE-JELLISON,**

    Plaintiff,      :   **Civil Action No. 04-4943 (WJM)**

       v.        :   **OPINION**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

     Defendant.

———————————————————

James H. Langton
Langton & Alter, Esquires
2096 St. Georges Avenue
P.O. Box 1798
Rahway, NJ 07065
   *(Attorneys for Plaintiff)*

Susan Jane Reiss
Social Security Administration
26 Federal Plaza
Room 3904
New York, NY 10278
   *(Attorneys for Defendant)*

**MARTINI, District Judge:**

  Plaintiff Carolyn George-Jellison brings this action pursuant to 42 U.S.C. § 405(g) of the

Social Security Act ("Act"), as amended, seeking review of the final determination by the

Commissioner of Social Security ("Commissioner") denying her request for disability benefits

under Title II of the Act, 42 U.S.C. §§ 401-433.  For the reasons articulated below, the Court will

**REMAND** this case to the Commissioner for further proceedings.

## I. BACKGROUND

On January 2, 1998, Plaintiff filed an application for social security disability benefits, alleging a closed period of disability from October 15, 1994 to July 1, 2000.[1]  Plaintiff claimed she was disabled during this period due to severe neurological, psychiatric, and physical disorders.  Plaintiff filed an original application, which was denied, and then an application for reconsideration.[2]  Plaintiff's application for reconsideration was denied by Administrative Law Judge ("ALJ") Michael H. Noorigian on January 2, 2004.

In a written opinion, the ALJ found Plaintiff not disabled, and therefore not entitled to disability benefits under the Act.  The ALJ determined that Plaintiff's alleged physical and mental impairments, considered either singly or in combination, were not "severe" since they did not significantly limit her physical or mental ability to perform basic, work-related activities during the alleged period of disability.  (R. at 18-19.)  The Appeals Council affirmed the ALJ's decision on August 11, 2004.  Plaintiff asks the Court to reverse or remand the ALJ's decision on the ground that it was not based on substantial evidence.

## II. STANDARD OF REVIEW

The district court exercises plenary review over the Commissioner's legal conclusions and is bound by the Commissioner's factual findings if they are supported by substantial evidence.  *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000).  Substantial evidence "does not mean a large or considerable amount of evidence, but rather 'such relevant evidence which,

---

[1] Plaintiff returned to work on July 1, 2000.

[2] Plaintiff filed for reconsideration after the Appeals Council ordered a remand on January 25, 2002 because Plaintiff's file had been lost.

2

considering the record as a whole, a reasonable person might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation omitted); *see also Woody v. Sec'y of Health & Human Servs.*, 859 F.2d 1156, 1159 (3d Cir. 1988) (stating that substantial evidence is "more than a mere scintilla but may be less than a preponderance"). Thus, the Court's inquiry is limited to whether the record, read in its entirety, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the Commissioner. *See Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) ("Overall, the substantial evidence standard is a deferential standard of review.").

## III. FIVE-STEP DISABILITY DETERMINATION

An ALJ considering a claim for disability benefits must apply a five-step sequential evaluation process. 20 C.F.R. § 404.1520; *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 118 (3d Cir. 2000). At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a). If the claimant is found to be engaged in substantial activity, the disability claim will be denied. *Id.* In step two, the Commissioner must next determine whether the claimant is suffering from an impairment or combination of impairments that is "severe." 20 C.F.R. § 404.1520(c). If the claimant cannot show his impairment is "severe," he is ineligible for disability benefits. *Id.* However, if the claimant demonstrates a "severe" medical impairment, the Commissioner must determine in step three whether the impairment meets or equals an impairment listed by the Commissioner as creating a presumption of disability.[3] 20 C.F.R. § 404.1520(d). If a match is found, the ALJ enters a finding of

---

[3] The Commissioner's list is located at Appendix 1 to 20 C.F.R. pt. 404, subpt. P.

disability without considering other factors such as age, education, and experience.  *Id.* Conversely, if there is no match, the Commissioner must proceed to steps four and five.  *Burnett,* 220 F.3d at 118.

In step four, the Commissioner must decide if the claimant retains the residual functional capacity to perform past relevant work.  20 C.F.R. § 404.1520(e).  The claimant has the burden of demonstrating his or her ability to perform past work.  *Burnett*, 220 F.3d at 118 (citation omitted).  If the claimant does not have the capacity to resume past work, the evaluation will continue to the fifth step.  *Id.*  At the fifth step, the burden shifts to the Commissioner to demonstrate the claimant is capable of performing some other available work in the national economy, taking into consideration the claimant's age, education, and past work experience.  20 C.F.R. § 404.1520(f); *Burnett*, 220 F.3d at 118.  If the claimant cannot perform other work in the national economy, the Commissioner must grant disability benefits.  20 C.F.R. § 404.1520(g).

In this case, the ALJ determined at step one of the analysis that Plaintiff did not engage in substantial gainful activity during the disability period alleged.  The ALJ next moved to step two and considered whether Plaintiff suffered from an impairment or combination of impairments that is "severe."  Here, the ALJ found that Plaintiff's alleged physical and mental impairments were not severe in nature.  The ALJ based his decision on his assessment that Plaintiff's physicians made inconsistent diagnoses, and that these diagnoses were not supported by objective evidence.  In challenging the ALJ's decision, Plaintiff argues that the record amply supported a finding of depression so as to survive step two of the analysis.

4

**IV. ANALYSIS**

With respect to step two of the five-step sequential analysis, the Social Security Administration ("SSA") defines a "severe" impairment in the negative by stating, "an impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). The SSA defines "basic work activities" as abilities and aptitudes necessary to do most jobs, including, for example, "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling." 20 C.F.R. § 404.1521(b). Despite the use of the word "severe," the Commissioner has explained that to pass step two of the analysis, an applicant must merely show "a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004) (*citing* S.S.R. 85-28, 1985 S.S.R. LEXIS 19, *6-7). In *McCrea*, the Third Circuit made clear that "great care" must be used when reviewing an ALJ's decision to deny a plaintiff's application at step two: "The burden placed on an application at step two is not an exacting one. . . . [D]oubt as to whether this showing has been made is to be resolved in favor of the applicant. In short, '[t]he step-two inquiry is a de minimus screening device to dispose of groundless claims.'" *McCrea*, 370 F.3d at 360 (citation omitted).

Applying these standards, the Court finds that the ALJ erred in dismissing Plaintiff's claim in step two of the analysis. Specifically, the Court notes that every treating and examining physician and psychologist whose reports appear in the record agree that Plaintiff suffered from depression. First, Dr. Smith, Plaintiff's primary treating physician, diagnosed Plaintiff with depression and prescribed anti-depressant medication. (R. at 129-35.) Second, Dr. Silkikovitz, a

psychiatrist who met with Plaintiff weekly from January 29, 1998 until April 9, 1998, agreed that Plaintiff suffered from chronic depression and further advised that Plaintiff needed "intensive supportive psychotherapy."  (R. at 137.)  Third, Dr. Candela, a state clinical psychologist who examined Plaintiff in February of 1998, similarly diagnosed Plaintiff with  "depressed mood" and an "adjustment disorder."  (R. at 158-60.)  Fourth, the state's medical consultants, Dr. Eckarot and Dr. Sanford, concluded that Plaintiff appeared "mild to moderately depressed."  They further stated that the depression had "moderately limited" Plaintiff's work-related abilities, including her "understanding and memory" and "sustained concentration and persistence."  (R. at 171-72.)

Given these opinions, it is evident that Plaintiff suffered from some degree of depression which led to some degree of limitation in her ability to work.  And while the Court also notes that the record does not appear to support a finding of such "severe" limitations that Plaintiff could not work in any capacity during the period in question, such analysis is more appropriate for steps four and five.  For the purposes of the analysis at step two, the Court finds Plaintiff met her burden of showing an impairment "severe" enough to meet the de minimus standard articulated in *McCrea*.

## V. CONCLUSION

Based on the foregoing, the Court finds the ALJ erred in dismissing Plaintiff's case at step two of the analysis.  Therefore, the ALJ's decision will be **REVERSED** and **REMANDED** for further proceedings consistent with this Opinion.  An appropriate Order follows.

s/ William J. Martini

**William J. Martini, U.S.D.J.**